### J. W. HUGHES v. JAY WARD.

1. EVIDENCE — *Objection, Too Late.* Where a witness testified to the value of property in controversy, without objection, and on cross-examination it was shown that the witness was not sufficiently acquainted with the value of the property to testify as to its value, *held*, that the objection to such testimony then came too late, and that the court committed no error in refusing to strike out the testimony of the witness in relation to the value of the property.

2. QUESTION, *Once Answered; Second Answer Excluded.* Where a witness has once answered a question, it is not error for the trial court to refuse to permit the same question to be answered the second time; especially where the question is asked for the purpose of laying the foundation to contradict or impeach the witness.

3. TESTIMONY, *Not Error to Exclude.* Where it is competent to show that the plaintiff did not have the exclusive possession of the property in controversy, and for that purpose evidence was admitted that one certain drawer was found to contain letters, medicine and photographs belonging to. another, and that such other person was in possession of the key to said drawer, *held*, not error to exclude testimony offered to show the contents of the letters, or the use of the medicine, or the character of the photographs.

4. EVIDENCE — *Exclusion, not Error.* Where evidence is excluded which ought to have been admitted, but where it further appears that such evidence was of so vague and uncertain a character as to be of little or no value, *held*, that the exclusion of such evidence is not sufficient error to require a reversal.

*Error from Shawnee Superior Court.*

ACTION by *Ward* against *Hughes,* to recover possession of certain books and a book-case — both valued at $279. Trial at the September Term, 1885. The jury found that —

"At the commencement of this action, the plaintiff, Jay Ward, was entitled to the immediate possession of the property in controversy; that the defendant, J. W. Hughes, then wrongfully detained the same from the plaintiff; that at that time said property was of the value of $135, and assessed the plaintiff's damages for such wrongful detention at $14.81."

New trial denied; judgment for plaintiff. The defendant brings the case here.

*John T. Bradley,* for plaintiff in error.

*W. A. S. Bird,* for defendant in error.

Opinion by CLOGSTON, C.: This was an action of replevin, brought by Jay Ward, to recover the possession of a book-case and some books, taken on attachment by Hughes, as constable, as the property of J. R. Myers, at the suit of Eagle & Knox against Myers Bros. Plaintiff claims that he purchased the property in controversy of J. R. Myers in satisfaction of a

debt of $250 owing him by Myers. The defendant claims that the pretended sale by Myers to the plaintiff was made for the purpose of defrauding the creditors of Myers. Plaintiff as a witness on his own behalf testified that the property in controversy was of the value of $250. No objection was made to this testimony, but on the cross-examination it was shown that the plaintiff did not know the market value of the property, and of his own personal knowledge did not know its value. The defendant then moved to strike out all of the plaintiff's testimony in relation to the value of the property, which motion was overruled by the court. In this we see no error. If there had been no foundation laid for the plaintiff's testimony in regard to the value of the property, the defendant might for that reason have objected to it; but no objection having been made at that time, his motion came too late.

1. Evidence—objection, too late.

The defendant on cross-examination also asked the plaintiff whether he had not testified on a former trial of this case, and whether in that testimony he had not given a different statement of facts from that given in his testimony on this trial. Plaintiff answered that he did not know in relation to that matter what his testimony was on the former trial; whereupon the defendant renewed the question, which was objected to, and the objection sustained. The court doubtless sustained the objection to the last question for the reason that the same question had been already answered, and also that it was not material to lay the foundation for an impeachment, and that the plaintiff's declarations and statements at a former trial could be given in evidence without first calling his attention to his former testimony.

2. Question, once answered; second answer excluded.

Hughes, as a witness in his own behalf, testified that when the book-case was attached, he found certain property belonging to Myers in one of the drawers, consisting of private letters, certain medicines and photographs; that Myers had the key to the case, and that the property so found all belonged to Myers. Defendant was then asked by counsel what kind of medicine it was, and for what purpose it was used; also the

contents of the letters and the character of the photographs; which questions the court refused to allow defendant to answer. The purpose of this testimony in the first instance was to show that Ward did not have the exclusive possession and control of the book-case and its contents.    This was com-

3. Testimony, not error to exclude.

petent.  But when it was once established that. these articles belonged to Myers, and that he had possession of that part of the drawer of the book-case, that was all that was necessary, and it made no difference what the letters contained, for what purpose the medicines were used, or the character of the pictures found therein; and the court committed no error in refusing to allow the witness to testify.

J. R. Myers was called as a witness for the plaintiff, and on direct examination testified to the sale and transfer of the property in controversy by himself to Ward long before the attachment in question.   On cross-examination Myers testified that he had no interest in the controversy, and he was then asked this question: "Did you not at the last term of the court, and while the trial was in progress, say to Mr. Eagle that, in case the jury should bring in a verdict in his favor, you would pay him the appraised value of the books, because you did not want to part with them?"   This question was objected to, and the objection sustained.   The answer, perhaps, ought

4. Evidence— exclusion, not error.

to have been permitted and the witness allowed to testify, for it was evidence tending to show some interest, and yet of such a vague and uncertain character that we are not willing to reverse the case for that seeming error. The evidence at most only intimated an interest in the property.    Witness was also asked on cross-examination if he had not stated at a former trial as a witness, that the name "Ward" had been inserted in the bill of sale after the bill of sale was prepared?   The question was first answered "No," and afterward qualified by the statement that he was not certain what his former testimony was.    Afterward, counsel for the defendant offered to read from his notes of the former trial, showing that the witness had so testified; which was objected to, and sustained by the court.    In this we see no error.

Again, defendant claims that the court erred in refusing to give to the jury the instructions asked by him. The instructions offered were properly refused, as all that part of the instructions asked that was proper and applicable to the facts of the case was substantially embodied in the instructions given by the court, and the remainder of the instructions not given did not correctly state the law.

We find no substantial error in this case such as would authorize or warrant its reversal. The amount involved is small, and it has been twice tried by a jury, and we are not willing to disturb their verdict.

It is recommended that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.